# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-CV-03275-MDH |
| ERIC GRANT, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge. (Doc. 41). The Magistrate Judge recommended that Defendant's conditional release be revoked and that Defendant remain committed under 18 U.S.C. § 4246. Defendant has filed exceptions, and the matter is ripe for review.

Defendant was originally committed under § 4246 on April 23, 2013. (Doc. 17). He was conditionally released on June 13, 2018 (Doc. 28). On July 2, 2019, Plaintiff filed a Notice of Violation and Request for Warrant. (Doc. 29). One day later, a sealed arrest warrant was issued. (Doc. 31). On August 21, 2019, Plaintiff moved for revocation of Defendant's conditional release, alleging that because of his actions and behaviors he was no longer permitted to reside in the group home he was released to and consequently was violating his terms of release. (Doc. 36 at 1-2). Plaintiff stated that Defendant had violated the conditions of his release and that his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *Id.* at 2. Plaintiff cited to a report filed by USPO Tracey Lewis, wherein Lewis reported that Defendant had not been participating in his treatment program, had been terminated from the facility he was released to, and had been using cocaine. (Doc. 29-1).

1

On September 20, 2019, Defendant moved for a separate mental examination. (Doc. 37). The Magistrate Judge denied that motion. (Doc. 38). The Magistrate Judge held a hearing on October 8, 2019. (Doc. 39). At that hearing, Defendant testified he was not violent or dangerous. (Doc. 40 at 3).

The Magistrate Judge in his report found that Defendant violated the conditions of his release by being terminated from the program he was released to for failure to abide by curfew, failure to report to his probation officer, and failure to attend and engage in mental health treatment. (Doc. 41). The Magistrate Judge also found Defendant had tested positive for cocaine and admitted to using cocaine. *Id* at 2. Based upon his findings, the Magistrate Judge found that Defendant had violated the terms of his conditional release and consequently presented a substantial risk of bodily injury to another person or serious damage to property of another. *Id.* at 3. As a result, the Magistrate Judge recommended the Court grant Plaintiff's Motion for Revocation of Conditional Release. *Id.*

Defendant excepts from the Report and Recommendation on two grounds. (Doc. 43). First, he states the evidence is legally insufficient to find that Defendant has violated the terms of his release. Second, he claims he is entitled to a separate mental examination under 18 U.S.C. § 4247 before his supervised release can be revoked.

The Court has carefully reviewed the record and all of the evidence in this case. The Court finds by a preponderance of the evidence that Defendant violated the terms of his release. As to Defendant's second argument, the Court notes it has already addressed its legal substance in USA v. Siegrist (18-cv-03385, Doc. 27), USA v. Stone (18-cv-03305, Doc. 92), and USA v. Armel (11-cv-03141, Doc. 59). Suffice to say, the Court has found by clear and convincing evidence that Defendant suffers from a mental disease or defect and that, if he were to be released, the disease

2

would create a substantial risk of bodily injury to another person or serious harm to another. The Court previously ruled that Defendant could be safely released to the community if, and only if, certain conditions were present. Those conditions are no longer present due to Defendant's actions. There has never been a determination Defendant could be safely released in the absence of the Court-ordered conditions. Finally, the Court notes that as late as October 15, 2019, Defendant was "an immediate threat to self, others, or destruction of property" and required emergency medication. (Doc. 42-1).

After a review of the record, The Court finds that Defendant's conditional release should be revoked and that commitment under the provisions of 18 U.S.C. § 4246 is appropriate. Defendant violated his terms of conditional release when he failed to comply with his prescribed treatment regimen and the rules of his facility. His failure to comply with his conditions of release establishes that his continued release makes him dangerous to both himself and others. Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 41) is **ADOPTED**. It is further **ORDERED** that Defendant's Exceptions (Doc. 43) are **OVERRULED.** It is **ORDERED** that the Motion for Revocation of Conditional Release (Doc. 36) is **GRANTED** and that Defendant's conditional release be **REVOKED**. Finally, it is **ORDERED** that Defendant be, and hereby is, committed to the custody of the Attorney General for hospitalization and treatment under the provisions of 18 U.S.C. § 4246.

**IT IS SO ORDERED**.

DATED: November 15, 2019

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **UNITED STATES DISTRICT JUDGE**